20-2-00017-31
CMP           1
Complaint
7366151

**FILED**

2020 JAN -2 PM 4: 17

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF SNOHOMISH

JESSE DUHAMEL, an individual,

    Plaintiff,

v.

STATE OF WASHINGTON;
WASHINGTON DEPARTMENT OF
CORECTIONS; C. SHAW; ADELAIDE
HORNE; P. CHRISTIANSEN; JULIA
BARNETT; LEE STEMLER; KEVIN
BOVENKAKMP and DOES I-X,

    Defendants.

Case No. **20 2 00017 31**

**COMPLAINT FOR DAMAGES**

(Civil Rights, and Jury Trial Demanded)

COMES NOW Plaintiff Jesse Duhamel, by and through the undersigned attorney, and for

the causes of action against the above-named Defendants, alleges and avers as follows:

## INTRODUCTION

1.    Plaintiff Jesse Duhamel is currently an inmate at Monroe Correctional Complex

in Monroe, Washington. Plaintiff, by and through his undersigned counsel, files this Complaint

**COMPLAINT FOR DAMAGES - 1**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1   for damages against defendants for violations of his Eighth Amendment rights and Washington

2   State law. He brings this action due to defendants' denial of medical treatment, and delay of

3   medical treatment in violation of Department of Corrections policy and the United States

4   constitution. Defendants, and each of them, have been deliberately indifferent to the serious

5   medical needs of plaintiff. As a result, defendants have violated plaintiff's Eighth Amendment

6   rights and have caused plaintiff to suffer great pain and deprivation of his civil, statutory and

7   constitutional rights, physical injury as well as mental and emotional distress.

8                                                   **VENUE**

9           2.      All of the unlawful acts and practices alleged herein occurred in or near the City

10   of Monroe in Snohomish County, Washington. Thus, the Snohomish County Superior

11   Courthouse is the appropriate forum for this matter.

12                                                   **PARTIES**

13          3.      Plaintiff Jesse Duhamel is an adult male inmate (Inmate No. 810870), currently

14   incarcerated at the Monroe Correctional Complex in the Twin Rivers Unit ("TRU") in Monroe,

15   Washington.

16          4.      Defendant State of Washington is a public entity which runs the Washington

17   Department of Corrections.

18          5.      Defendant Washington Department of Corrections ("DOC") is an agency of the

19   State of Washington and is a public entity that has complete control over plaintiff because he is

20   housed in its prison system.

21          6.      Defendant P. Christiansen (first name unknown) was at all times relevant hereto a

22   Physician's Assistant at Monroe Correctional Complex TRU.

23

**COMPLAINT FOR DAMAGES - 2**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

7.    Defendant Adelaide Horne was at all times relevant hereto a Physician's Assistant at Monroe Correctional Complex TRU.

8.    Defendant Dr. Julia Barnett was at all times relevant hereto the Facility Medical Director at Monroe Correctional Complex TRU.

9.    Defendant C. Shaw (first name unknown) is and was at all times relevant hereto a Registered Nurse at Monroe Correctional Complex TRU.

10.    Defendant Kevin Bovenkamp is and was at all times relevant hereto the Department of Corrections Health Services Assistant Secretary.

11.    Defendants Does I through X are employees of the State of Washington to be identified through the discovery process and when the true names and capacities are ascertained, plaintiff will seek leave to amend.

12.    Each defendant is, and at all times herein mentioned was acting under color of law and was an agent of Washington State Department of Corrections and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

13.    Plaintiff filed a tort claim on August 15, 2019. More than 60 days have passed, and the State of Washington has not responded. As a matter of law, plaintiff's tort claim has been rejected.  Available administrative remedies have been exhausted.

## STATEMENT OF FACTS

14.    Prior to plaintiff's denial of medical treatment and subsequent hospitalization on August 22, 2018, plaintiff suffered from gastrointestinal (GI) bleeding. GI bleeding is symptomatic of a disorder in the digestive tract where excessive bleeding can be life-threatening.

**COMPLAINT FOR DAMAGES - 3**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

15.     In June of 2018, Physician's Assistant P. Christiansen treated plaintiff for chronic rectal bleeding and abdominal pain. Christiansen ordered blood tests for plaintiff and referred him to a gastroenterologist for further evaluation on July 5, 2018. Christiansen also scheduled an August 28, 2018 appointment to follow up with plaintiff. However, the pending GI consult never occurred and was rescheduled to a later date.

16.     On August 21, 2018 at approximately 9 p.m., plaintiff declared a medical emergency while at the Monroe Correctional Complex, Twin Rivers Unit. Plaintiff informed the medical staff that he needed swift medical attention because he was expelling copious amounts of blood. Defendants knew plaintiff had a documented history of ongoing medical issues with his rectum. However, that night, DOC medical staff, without assessing plaintiff, advised him that there was nothing wrong and returned him to his cell.

17.     A few hours later at approximately 3 a.m. on August 22, 2018, plaintiff declared a second medical emergency.

18.     Plaintiff was seen by RN C. Shaw. Shaw dismissed plaintiff without assessing his condition. For the second time, plaintiff was advised that there was nothing wrong and returned to his cell.

19.     On August 22, 2018, at approximately 6:30 a.m., plaintiff declared his third medical emergency in under 10 hours.

20.     All three of plaintiff's medical emergencies resulted from the severe pain in plaintiff's rectum which was bleeding non-stop since the previous night when he declared his first medical emergency. Plaintiff's colon had profuse amounts of dark red blood expelling out of it and excruciating pain in his bowls. Seeing his own blood dripping on the ground, plaintiff sought medical attention.

**COMPLAINT FOR DAMAGES - 4**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

21.     Though plaintiff had made 3 attempts—all within a 10-hour period—DOC staff deliberately disregarded his critical need for care.

22.     During plaintiff's third medical emergency at approximately 7 a.m., he was seen by PA-C Horne. Horne instructed plaintiff to provide a stool sample. Plaintiff stool sample returned full of blood. Plaintiff's blood was also dripping on the floor of the medical unit. After witnessing the bloodied floor and also drawing plaintiff's blood, Horne advised plaintiff that there was nothing wrong.

23.     Though plaintiff had provided a stool sample filled with blood, Horne returned plaintiff to his cell for the third time.

24.     About ten minutes later, plaintiff fell to the ground and passed out in his cell.

25.     Corrections officers later found plaintiff completely unresponsive lying in a pool of blood.

26.     DOC immediately called an ambulance and rushed plaintiff to the emergency room. Plaintiff was hospitalized for over a week at Evergreen Health Medical Center. The doctor determined that plaintiff's colon was abnormally bleeding and advised that plaintiff should have received medical attention sooner.

27.     In their responses to plaintiff's grievances, Grievance Coordinator Lee Stemler and Assistant Secretary Kevin Bovenckamp acknowledged that the DOC medical staff acted improperly. In his October 4, 2018, response to plaintiff's grievance, Stemler admits that because DOC medical failed to act quickly, they caused plaintiff to suffer a very emergent medical complication and unnecessary pain.

28.     Prior to plaintiff's medical emergencies on August 21 and August 22, 2018, plaintiff had an ongoing chronic condition that had been followed closely by TRU providers. The

**COMPLAINT FOR DAMAGES - 5**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

DOC, per the October 4, 2019 grievance response, admits that initially, plaintiff was supposed to have routine follow ups every 2 months but as plaintiff's symptoms worsened, medical staff failed to update this consult to urgent status. The DOC has further acknowledged that based on the frequency and the copious amount of plaintiff's bloody stools, plaintiff should have been treated and transferred to the Inpatient Unit at the Washington State Reformatory.

29.     Plaintiff was aware that his condition could lead to his death. After being denied medical assistance, plaintiff feared that he would be seriously injured and that it could potentially lead to his death. Defendants' willful acts caused panic, terror, fear, pain and distress in the hours leading to plaintiff's hospitalization.

30.     Defendants acted with deliberate indifference. As a direct result, defendants' actions caused plaintiff to become unconscious and undergo hospitalization and to suffer physical pain and emotional anguish.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment- individual

defendants)

31.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

32.     The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment." Defendants violated the Eighth Amendment by acting with deliberate indifference to the serious medical needs of the plaintiff.

33.     At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known

**COMPLAINT FOR DAMAGES - 6**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

serious medical needs of detainees at the Washington Department of Corrections ("DOC"). This duty arose from the individual defendant's capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide medical services to the plaintiff, the DOC and its agents and employees acted under the color of law while providing these services.

34. Defendants failed to provide adequate medical care for plaintiff contrary to medical records showing his need for timely treatment. Despite defendants' knowledge of this need, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper medical care and attention known to be necessary under plaintiff's circumstances.

35. As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

36. The actions of the individual defendants, as described in this complaint, were deliberately indifferent to the serious medical needs of plaintiff and done in conscious disregard of the harm that would be inflicted upon plaintiff.

### SECOND CAUSE OF ACTION

(Disability Discrimination - ADA 42 U.S.C. § 12131 and Rehabilitation Act of 1973 - State of Washington and Agency defendants)

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

38. Title II of the ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

COMPLAINT FOR DAMAGES - 7

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12131.

39.     Defendant has received federal monies and is thus covered by § 504's mandate,

which requires recipients of federal monies to reasonably accommodate persons with disabilities

in their facilities, program activities, and services, and reasonably modify such facilities,

services, and programs to accomplish this purpose.

40.     Washington State is a public entity within the meaning of Title II of the ADA and

provides programs, services, or activities to the general public.  Title II of the ADA has

essentially the same mandate as Section 504.

41.     At all times relevant to this action, plaintiff was a qualified individual within the

meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of

the services, programs, or activities of Washington State as well as the prohibitions of

discrimination.  Specifically, plaintiff suffered from mental disabilities including schizoaffective

disorder and anxiety that "substantially limits one or more major life activities," including but

not limited to "learning, reading, concentrating, thinking, communicating, and working." 42

U.S.C. § 12102.

42.     Defendant is aware of plaintiff's mental disabilities and plaintiff informed

defendants of his injuries and repeatedly communicated to defendants his serious medical needs

regarding his injuries. Washington State knew plaintiff suffered from mental illness, and as a

result, overlooked plaintiff's request for medical treatment.

43.     The State of Washington was deliberately indifferent in failing to provide plaintiff

with adequate medical care and denied him the rights and benefits accorded to other inmates, by

reason of his mental disabilities in violation of due process and the ADA and Rehabilitation Act.

**COMPLAINT FOR DAMAGES - 8**

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44.     The State of Washington failed to train and supervise the prison personnel to provide necessary accommodations, modifications, services, and/or physical access to inmates with mental or developmental disabilities

45.     Defendant could have easily directed medical staff to respond to plaintiff's injuries.

46.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

(Negligence - all defendants)

47.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

48.     Plaintiff is an inmate under the supervision of the Department of Correction and thus, each aspect of his medical care is under the authority of the DOC.

49.     Defendants were at all times charged with the care of plaintiff's medical needs. Defendants breached their duty of care to plaintiff and acted in conscious disregard of the harm that would be inflicted upon plaintiff when they failed to provide the medical care his condition warranted.

50.     Defendant Washington State Department of Corrections and its individual officers, in committing all the aforementioned wrongs, breached their duty to plaintiff to exercise

COMPLAINT FOR DAMAGES - 9

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1   reasonable care in the performance of their official duties, and thereby proximately and

2   foreseeably caused plaintiff's civil rights violation.

3      51.      As a direct and proximate result of the actions and omissions of the defendants as

4   described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his

5   pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other

6   inmates. The full extent of his injuries will be proven at trial.

### FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress – all defendants)

9      52.      Plaintiff realleges and incorporates by reference herein paragraphs 1 through 51

10   with the same force and effect as if such paragraphs were separately realleged in this Fourth

11   Cause of Action.

12      53.      Defendants had direct knowledge of plaintiff's history with GI bleeding and

13   intentionally inflicted emotional distress upon plaintiff by refusing to treat plaintiff's emergent

14   and serious medical needs.

15      54.      After Defendants were first informed of plaintiff's profusely bleeding rectum,

16   they allowed it to continue for over ten hours until plaintiff passed out in his cell and became

17   hospitalized for over a week. Plaintiff filed a total of three medical emergencies with the

18   knowledge that his condition warranted serious medical attention and if untreated, could become

19   life-threatening. Defendants intentionally ignored the medical needs of plaintiff acting in a

20   manner that would bring incredible mental frustrations and fears to plaintiff. As a result of

21   Defendant's actions, plaintiff suffered from excruciating pain, emotional distress,

22   embarrassment, panic and mental anguish.

23

**COMPLAINT FOR DAMAGES - 10**

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

55.     As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

## PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:

A.  For general and special compensatory damages and against all defendants according to proof at trial;

B.  For a jury trial on all issues triable by jury;

C.  For reasonable attorney fees according to law or statute;

D.  For costs of suit incurred herein; and

E.  For such other and further relief as the Court may deem just.

Dated this 30th day of December, 2019, at Seattle, Washington.

CIVIL RIGHTS JUSTICE CENTER PLLC

Darryl Parker, WSBA #30770
2150 North 107th Street, Suite 520
Seattle, WA 98133
206-557-7719
Email:  dparker@civilrightsjusticecenter.com

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183